SALES TAX — BINGO GAMES — LEVY ON GROSS PROCEEDS Under the provisions of 68 O.S. 1302 [68-1302] (1971), sales taxes are to be collected and remitted to the Oklahoma Tax Commission by those legally operating bingo games whether cards are sold or admission charged so long as players pay to play unless the specific transaction is exempt under some other provision of the law because of the circumstances of the transaction. The sales taxes are levied on the gross proceeds pursuant to 68 O.S. 1304 [68-1304] (1971). The Attorney General has received your request for an opinion wherein you ask the following questions relating to 68 O.S. 1304 [68-1304] (1971), 68 O.S. 1305 [68-1305] (1976), and 21 O.S. 995.1 [21-995.1] (1976): "(1) Whether sales tax is owed or not by those legally operating bingo games under the law, such as from the sale of the cards to play bingo? "(2) If taxes are owed is the tax figured on the gross or net sales?" The legalization of bingo for certain organizations has apparently raised the cited sales tax questions because of the language employed in the bingo statutes, 21 O.S. 995.1 [21-995.1] through 21 O.S. 995.18 [21-995.18] (1976). Under the provisions of 21 O.S. 995.1 [21-995.1] only certain types of organizations are authorized to operate games. In addition to being a qualified organization, a bingo operator must also be exempt from federal income tax under paragraphs (4), (5), (6), (7) and (8) of subsection (c) of Section 501 of the Internal Revenue Code of 1954, as amended. None of these references relate to the issue of the applicability of sales tax. Sales tax in Oklahoma is assessed against the consumer and collected by the vendor. 68 O.S. 1310 [68-1310] (1971). It is levied on sales of "tangible personal property" 68 O.S. 1304 [68-1304](a) (1971) and on "printed matters of all types, kinds and characters" 68 O.S. 1304 [68-1304](e) (1971) . Bingo cards come clearly within these broad definitions and are, therefore, taxable when sold if not exempted by other provisions of the statute. Further, a sale is a broad category of transaction under the Sales Tax Statutes. The term is defined in 68 O.S. 1302 [68-1302](c) (1971) as follows: "(c) The term 'sale' is hereby declared to mean the transfer of either the title or possession of tangible personal property for a valuable consideration, regardless of the manner, method, instrumentality or device by which such transfer is accomplished. The term 'sale' is also declared to include the exchange, barter, lease or rental of tangible personal property where such exchange, barter, lease or rental results in either the transfer of the title or the possession. The term 'sale' is hereby declared to include the disposition for consumption or use in any business or by any person of all goods, wares, merchandise, or property which has been purchased for resale, manufacturing or further processing. The term 'sale' shall include, also, the sale, giving away, exchanging or other disposition of admission, dues, or fees to clubs, to places of amusement, recreational, athletic or entertainment facilities. The term 'sale' shall not include the furnishing or rendering of service or services, except as is herein otherwise provided." Under this definition almost any transfer of a bingo card will be a "sale" if the player pays to play with a card. This is true regard less of who ultimately retains the card, since the statute also defines a sale as a ". . . transfer of either the title or possession. . . ." In addition, the statute would define the transaction as a "sale" in cases where an admission is charged and the card is given away. In summary, the transfer of a bingo card would be a sale under almost any arrangement if the player pays to play. This sale is taxable unless a statutory exemption applies. The exemptions under 68 O.S. 1305 [68-1305] (1976) apply to certain transactions. For example, certain non-profit organizations have an exemption for their dues. Churches may under some circumstances have sales of personal property exempted. There is no suggestion in any of these sections that bingo cards are a special class of property. They must be treated in the same manner as any other sale under the Sales Tax Statutes. Under these provisions some sales are taxable and some may be exempt. To be exempt, the transaction must be exempted under a specific section of the law. For these reasons the answer to the first question must be in the affirmative. Sales taxes are owed unless the transaction is exempt under some specific portion of the law. This would depend upon the circumstances of the transaction. Likewise, the taxes must be figured in the same manner for bingo cards as for other sales. Title 68 O.S. 1304 [68-1304] (1971) provides for a levy on the gross proceeds. It is, therefore, the opinion of the Attorney General that your questions be answered as follows: Under the provisions of 68 O.S. 1302 [68-1302] (1971), sales taxes are to be collected and remitted to the Oklahoma Tax Commission by those legally operating bingo games whether cards are sold or admission charged so long as players pay to play unless the specific transaction is exempt under some other provision of the law because of the circumstances of the transaction. The sales taxes are levied on the gross proceeds pursuant to 68 O.S. 1304 [68-1304] (1971). (DON McCOMBS, JR.) (ksg)